**Juan C. Chavez**, OSB #136428
Email: jchavez@ojrc.info
**Brittney Plesser**, OSB #154030
Email: bplesser@ojrc.info
**Alex Meggitt**, OSB #174131
Email: ameggitt@ojrc.info
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270
Facsimile: 971-275-1839

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SAMUEL PABLO-DEJESUS,<br><br>Plaintiffs,<br>    v.<br><br>COUNTY OF MULTNOMAH, and JOHN DOES 1-10,<br><br>Defendants. | Case No. 3:19-cv-01574-SB<br><br>MOTION TO SUBSTITUTE PARTIES<br><br>(OPPOSED) |

### LR 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for the Plaintiffs, hereby certifies that he has conferred with the counsel for Defendants, Lyndsey Byrne, regarding this motion, and that she does oppose the relief requested by this motion.

### MOTION TO SUBSTITUTE PARTIES

Pursuant to Fed. R. Civ. Pro. 15(a)(2), Plaintiff moves this Court to allow an amendment to his Complaint to substitute the previously unidentified John Does 1 and 2 for Angee Newton and Karoon Scheppman respectively, and relate back pursuant to Rule 15(c) or as tolled pursuant to ORS ORS 12.160(1). These names would also be amended and inserted into the body of the

Complaint. John Does 3-10 would be dismissed from this action. Plaintiff supports this motion with the Declaration of Counsel and the Arguments and Authorities below.

## APPLICABLE FACTS

Plaintiff initiated this suit with the best information he had available at the time. When the conduct that gave rise to this lawsuit occurred, on June 21, 2018, Plaintiff was a minor, and would not turn 18 years old for another 266 days, on March 14, 2019. At the time of filing, Plaintiff had received public records request responses that illustrated much of the applicable facts but not the identities of any individuals. Accordingly, Plaintiff initiated his case against the Defendant Multnomah County, and John Does 1-10. ECF 1 ¶¶ 4-5.

In the "Parties" section of Plaintiff's Complaint identifies John Does 1-5 as "any Multnomah County employees who ordered, directed, undertook, or in some manner participated in the violation of Plaintiff's rights as alleged in this complaint." ECF 1 ¶ 5. Later, Jane/John Doe 1 is identified thusly: "The next day, on June 21, 2018, while still in room confinement, Jane/John Doe 1 deliberately opened Mr. Parmer's door, and he escaped." ECF 1 ¶ 15. John Does 2-5 are then identified as persons who "decided to call for back-up." ECF 1 ¶ 16.

Plaintiff sent Interrogatories to Defendant Multnomah County. Ex. 1–Interrogatory Excerpt. Below are their answers:

> **INTERROGATORY NO. 1**: Please identify by first and last name, position, every Multnomah County employee present for the incident.
> **ANSWER**: Robert Harker, JCSS; Reginald Bynam, JCSS; Vince Haggard, JCSS; Angee Newton, JCSS; Karoon Scheppman, JCSS.
> **INTERROGATORY NO. 2**: Please identify by first and last name, and position, the person whom Plaintiff alleges "opened Mr. Parmer's door" in Paragraph 15 of his Complaint.
> **ANSWER**: Angee Newton, JCSS.

Based on Defendant's response to Interrogatory No. 2, Jane/John Doe 1 is Angee Newton. Plaintiff later identified the identity of John Doe 2 in a declaration as Karoon Scheppman, following viewing of a video produced to the Plaintiff. ECF 21 ¶ 6.

Plaintiff raised this issue regarding amending the Complaint and substituting Angee Newton and Karoon Scheppman as parties on March 16, 2020. Ex. 2–Email Correspondence. Counsel for Defendant's objected on the grounds that Multnomah County was the proper party. *Id.* Defendant's Counsel stated that they would conduct further research. Plaintiff considered depositions to conclude definitively whether Newton and Scheppman should be substituted in for John Doe 1 and 2, but not long after Counsels for the parties' email conversation, many Oregon businesses, including Plaintiff's counsel's, closed due to an unprecedented pandemic. Counsels did not raise this topic again until the present. Defendant's Counsel still opposes the remedy sought.

## ARGUMENT AND AUTHORITY

**A. Applicable Rules**

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to file amended complaints] when justice so requires." If granted, then the Court can turn next to Federal Rule of Civil Procedure 15(c)(1) to determine whether the amendments "relate back" to the date of filing of the original complaint. Per this rule, an amendment that adds or substitutes a defendant may only relate back to the original complaint if:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied

> and if, within the period provided by Rule 4(m) for serving the
> summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be
>> prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have
>> been brought against it, but for a mistake concerning the
>> proper party's identity.

Fed. R. Civ. Pro. 15(c)(1).

**B. The Applicable Statute of Limitations**

Plaintiff was injured as a minor, and initiated suit against John Does 1 and 2 pursuant 42 U.S.C. § 1983. "Section 1983 claims are characterized as personal injury actions, and the applicable statute of limitations is determined by state law." *Pelster ex rel Boyer v. Walker*, 185 F.Supp.2d 1174, 1183 (D. Or. 2001), *citing Davis v. Harvey*, 789 F.2d 1332, 1333 (9th Cir.1986) (*citing Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). Personal injury claims arising in Oregon are subject to a two-year statute of limitations under ORS § 12.110(1). *Plumeau v. Yamhill County School Dist. No. 40*, 130 F.3d 432, 438 (9th Cir.1997).

ORS 12.160(1) provides the following:

> "Subject to subsection (2) of this section, if a person is entitled to
> bring an action… and at the time the cause of action accrues the
> person is a child who is younger than 18 years of age, the statute of
> limitation for commencing the action is tolled for so long as the
> person is younger than 18 years of age."

This tolling provision applies to suits commenced under 42 U.S.C. § 1983 in the State of Oregon. *Pelster ex rel Boyer v. Walker*, 185 F.Supp.2d 1174, 1183 (D. Or. 2001).

Here, Plaintiff was a minor at the time of accrual on June 21, 2018. Plaintiff would not turn 18 years old until March 14, 2019. Given the calculations between the dates, Plaintiff's statute of limitations is tolled by 266 days to March 14, 2021. Therefore, these amendments satisfy Fed. R. Civ. Pro 15(c)(1)(A) for the purposes of relation back. Moreover, this Court could

allow for amendments without need for grant of relation back as these amendments fall within the applicable statute of limitations. Nevertheless, Plaintiff will continue this analysis below.

**C. The Remaining Factors**

These amendments do not change the claims plead in Plaintiff's Complaint beyond providing the proper names of Defendants. The same conduct, transaction, or occurrence set out in the Complaint remains here. Therefore, Fed. R. Civ. Pro 15(c)(1)(B) is satisfied.

The remaining questions under Rule 15(c)(1)(C) more analysis. At the outset, given the evidence presented at the close of discovery, Defendant Multnomah County knew that Newton and Scheppman were County employees whose conduct would lead, as alleged, to civil liability. Plaintiff raised three claims in their Complaint—two of which concern the actions of subordinates leading to the liability of the County Defendant. Their names being in the Complaint is necessary and should be allowed as "justice so requires." Fed. R. Civ. Pro. 15(a)(2). While Multnomah County would be the proper party under *respondeat superior* as to Claim 2, and *Monell* liability as to Claim 3, the conduct of Newton and Scheppman requires their names be added to preserve a proper historical record of their conduct, and to provide a basis for a jury to adjudged their conduct.

Likewise, putative-defendants Newton and Scheppman had more than adequate notice that they were defendants in a lawsuit. The defense for the County is nigh parallel to that of the individuals. Discovery was sought from Plaintiff, and no deposition of the Plaintiff occurred, despite opportunity to do so. Newton and Scheppman would not be prejudiced by inclusion in this suit, as their interests had been safeguarded by the County Defendant.

Undoubtedly, had Plaintiff known at the outset the identity of Defendant John Doe 1 and 2, they would have been named in their initial Complaint had they not been "mistaken" as to the

true identity of Defendants Does 1 and 2. In this District Court, decisions have split as to whether "John Doe" notice constitutes a "mistake" as described in Fed. R. Civ. Pro. 15(c)(1)(C)(ii). *See Phillips v. Multnomah County*, 2007 WL 915173, at *10 (D. Or. 2007) (A "mistake" could "be construed to encompass plaintiff's inability to specifically identify the Doe defendants (by name) prior to the expiration of the statute of limitations"); *see also Korbe v. Hilton Hotels Corp.*, 2009 WL 723348, at *7 (D. Or. Mar. 13, 2009); *but see Hagen v. Williams*, 2014 WL 6893708, at *5 (D. Or. 2014) ("[S]ubstituting a John Doe Defendant with a named Defendant is not correcting a 'mistake' and therefore does not relate back to the original complaint"); *but see Sarnowski v. Peters*, 2016 WL 10705318, at * 4 (D. Or. 2016). Given the difficulty for Plaintiffs to discover the true identities of these John Doe defendants prior to initiation of their suit, this Court should side with the decisions that determined John Doe pleadings as "mistakes" for wont of ability to identify government actors.

As discussed in Section B, the constraints of Rule 4(m) should not bar service of this Complaint on these defendants. Nonetheless, Plaintiff requests adequate tolling to the extent that Plaintiff did not know the true identity of Defendant Doe 1 and 2.

## CONCLUSION

Based on the arguments above, Plaintiff respectfully requests leave to file an amended complaint which substitutes John Does 1 and 2 for Angee Newton and Karoon Scheppman respectively for Claim 1. To the extent this court needs to rule that these amendments relate back to the original filing date of the Complaint, Plaintiff requests so.

DATED: October 30, 2020.

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428

Attorney for Plaintiff
