IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL PABLO-DEJESUS,

           Plaintiff,

     v.

COUNTY OF MULTNOMAH and JOHN DOES 1-10,

           Defendants.

Case No. 3:19-cv-01574-SB

**OPINION AND ORDER**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Samuel Pablo-Dejesus ("Pablo-Dejesus") filed this action against Multnomah County, John Does 1 to 5 (Multnomah County employees), and John Does 6 to 10 (Multnomah County supervisors) (together, "Defendants"). Pablo-Dejesus asserts failure to protect claims under the Fourteenth Amendment and a state law negligence claim. (Compl. ¶¶ 22-32.) The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3)-(4), and 1367(a).

Pablo-Dejesus filed a motion to substitute Multnomah County employees Angee Newton ("Newton") and Karoon Scheppman ("Scheppman") for John Does 1 and 2 (ECF No. 23),[1] and

---

[1] At a hearing on the motion, the Court granted Pablo-Dejesus' request to dismiss John Does 3-10. (ECF No. 31.)

PAGE 1 – OPINION AND ORDER

Defendants did not file a response. For the reasons discussed below, the Court grants Pablo-Dejesus' motion to substitute.[2]

## DISCUSSION

Pablo-Dejesus requests leave to amend his complaint to substitute Newton and Scheppman for John Does 1 and 2. Although Defendants did not respond to the motion, counsel represented at a hearing on the motion that Defendants object to the motion as untimely because the deadline to amend pleadings expired before Pablo-Dejesus filed his motion.

The Federal Rules of Civil Procedure (the "Rules") provide that case management deadlines "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Rules also require leave of court or opposing party consent for a party to amend a pleading after a twenty-one day period following service of a responsive pleading. FED. R. CIV. P. 15(a)(2). The Rules direct courts to "freely give leave" to amend a complaint "when justice so requires" (*id.*), and the Ninth Circuit has recognized that "[t]his policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation and quotation marks omitted). When considering whether to grant leave to amend, district courts consider "(1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." *Strong v. City of Eugene*, No. 6:14-CV-01709-AA, 2015 WL 2401395, at *1 (D. Or. May 19, 2015) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

///

///

---

[2] The Court may resolve the motion without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c), because granting the motion to substitute does not dispose of any claims or defenses and does not deny any ultimate relief. *See, e.g.*, *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (finding that a motion to amend a complaint is a nondispositive order); *see also Redwind v. Western Union, LLC,* 698 F. App'x 346, 348 (9th Cir. 2017) (same).

PAGE 2 – OPINION AND ORDER

Although the deadline to amend pleadings expired before Pablo-Dejesus filed his motion, the Court finds that the delay was not "undue." Pablo-Dejesus did not name Newton and Scheppman as defendants in his original complaint because he was not aware of their identities until he received their names in discovery. Although counsel conferred regarding the substitution back in March 2020, Pablo-Dejesus planned to depose Newton and Scheppman prior to filing the substitution motion but did not do so in light of the work interruptions caused by Covid-19. (Pl.'s Mot. at 3.) As Defendants' counsel acknowledged at the hearing, Defendants were on notice that Newton and Scheppman were the relevant parties, and Defendants have not suffered any prejudice from the late substitution. For these reasons, the Court finds that there is good cause for the late substitution, and the substitution of the named parties is in the interests of justice.[3]

## CONCLUSION

For the reasons stated, the Court GRANTS Pablo-Dejesus' motion to substitute Angee Newton and Karoon Scheppman for John Does 1 and 2 (ECF No. 23). Pablo-Dejesus shall file his amended complaint by December 17, 2020.

DATED this 10th day of December, 2020.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[3] Defendants do not object to the substitution on statute of limitations grounds. The Court assumes without deciding that the statute of limitations does not bar substitution of the named parties here because the applicable two-year statute of limitations has not yet expired in light of Pablo-Dejesus' age of minority at the time his claims accrued. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *amended on denial of reh'g and reh'g en banc* (Dec. 13, 1999) ("[F]ederal courts apply the forum state's personal injury statute of limitations for section 1983 claims" and "also apply a forum state's law regarding tolling, including equitable tolling when not inconsistent with federal law."); OR. REV. STAT. § 12.110(1) (providing a two-year statute of limitations for personal injury claims); OR. REV. STAT. § 12.160(1) (providing tolling for the duration of time between the cause of action and the plaintiff's eighteenth birthday).

PAGE 3 – OPINION AND ORDER